# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TERETHA R. LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **AND RECOMMENDATION** |
| MICHAEL LEAVITT, Secretary, ) | |
| Department of Health & Human ) | |
| Services, ) | 1:07CV375 |
| ) | |
| Defendant. ) | |

This matter is before the court on a motion for summary judgment by Defendant (docket no. 18). Plaintiff has responded in opposition to the motion. In this respect, the matter is ripe for disposition. Since there has been no consent, I must address the motion by way of a recommended disposition. For the following reasons, it will be recommended that Defendant's motion for summary judgment be granted.

## BACKGROUND

This is an action brought by a federal employee pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. Plaintiff alleges that she was discriminated against based on age and race when she was, among other things,

not promoted from a GS-8 level to a GS-9 level after requesting to be promoted.[1] Plaintiff also brings a claim for retaliation, alleging that Defendant retaliated against her in various ways for prior EEO filings.

**STATEMENT OF FACTS**

Plaintiff Teretha Lewis is an African-American female born in 1947. (Lewis Dep., p. 40, at Ex. A, docket no. 19.) Plaintiff began her employment with Defendant Department of Health & Human Services ("DHHS"), National Institute of Environmental Health Sciences ("NIEHS"), in November 1980. (*Id.*, p. 10, lines 4-6.) Plaintiff began working in the Biostatistics Branch[2] on April 24, 1984, and continued to work in that branch until March 2006, when she transferred, at her request, to another branch. (*Id.*, p. 10, lines 12-20.) Plaintiff is currently employed at NIEHS in the Division of Intramural Research as an Assistant Program Intramural Assistant at the GS-8 level. (*Id.*, p. 9, lines 1-22.) An African-American female filled Plaintiff's vacated position in the Biostatistics Branch when Plaintiff was transferred. (Weinberg Decl. ¶ 26, at Ex. B, docket no. 19.)

From 1984 until 1997, Plaintiff's supervisor was Dr. Joseph Haseman. (Lewis Dep., p. 62.) In 1992 or 1993, Plaintiff filed an EEO discrimination complaint after Dr. Haseman rated her minimally unsatisfactory or unsatisfactory after an audit

---

[1] The GS levels reflect different salary grades for federal employees.

[2] The Branch was originally named the Statistics branch but was changed to the Biostatistics Branch during Plaintiff's employment.

showing that Plaintiff did not have her records in a notebook. (Lewis Dep., pp. 13-14.) In 1997, Dr. Clarice Weinberg became Plaintiff's supervisor. Effective June 6, 1999, Dr. Weinberg promoted Plaintiff from a GS-7 to a GS-8 level. (Weinberg Decl. ¶ 6 & Ex. B-2; Lewis Dep., pp. 11-12.)

In December 2005, Plaintiff filed a second EEO discrimination complaint, claiming that Dr. Weinberg discriminated against her on the basis of age, race, and retaliation. (Ivanoff Decl. ¶ 3, Ex. E, & Ex. E-2, docket no. 20.) Before an administrative determination was made, Plaintiff filed a complaint in Durham County Superior Court, alleging the same claims as those raised in her administrative complaint filed in December 2005. On May 14, 2007, Defendant removed the case to this court. In her complaint, Plaintiff alleges that Dr. Weinberg discriminated against her based on age, race, and retaliation when Dr. Weinberg: (1) asked her twice when she was going to retire and what her age was; (2) did not promote Plaintiff to the GS-9 level when she requested to be promoted; (3) requested her medical records; and (4) wrote negative remarks/comments on her performance evaluations back to 2003, including negative comments about Plaintiff's log book. (*See* Compl., docket no. 4.) On June 11, 2007, the Agency rendered a Final Agency Decision, stating that it was dismissing Plaintiff's administrative action since she had commenced this civil action. (*See* Pl.'s Response, Ex. 1, docket no. 26.)

-3-

Plaintiff's Allegations of Age-Related Comments

Plaintiff claims that Dr. Weinberg discriminated against her based on age when she twice asked Plaintiff how old she was and when she was going to retire. (Lewis Dep., p. 18.) Plaintiff testified in her deposition that one remark was made in June 2004 and the other remark was made sometime before that date. (*Id.*, pp. 18-19.)

Plaintiff's Allegations of Non-Promotion to the GS-9 Level

Plaintiff alleges that Dr. Weinberg discriminated against her by refusing to promote her to a GS-9 level. Plaintiff first requested a promotion to a GS-9 level in a memorandum to Dr. Weinberg dated August 6, 2001. (Lewis Dep., pp. 34-36; Dep. Ex. 6.) Dr. Weinberg denied Plaintiff's request for promotion because she concluded that the Biostatistics Branch could not support a secretarial position at the GS-9 level because of its small size and the type of work performed by the branch. (Weinberg Decl. ¶ 9.) Plaintiff testified that she requested a promotion again in 2004, but that her request was denied for the same reasons given by Weinberg in 2001–that the branch was too small. (Lewis Dep., pp. 37-38.)

Plaintiff's Allegations regarding Use of Plaintiff's Log Book and Negative Remarks on Plaintiff's 2003 Performance Evaluation

Plaintiff next claims that Dr. Weinberg discriminated against her with respect to her 2003 Individual Performance Plan appraisal when Dr. Weinberg, in rating Plaintiff's performance, referred to a log book that Plaintiff had been using to track

-4-

her work. (Lewis Dep., pp. 19-21.) Plaintiff stated that she began using a log book in 2001 to record her work activities after she and her sister came up with the idea to make a notation in the log book every time anyone gave Plaintiff work. (*Id.*, p. 47.) For the period January 1, 2003, through December 31, 2003, Dr. Weinberg rated Plaintiff as "Acceptable" on Plaintiff's performance evaluation. (*Id.*, p. 26; Dep. Ex. 3.) On Plaintiff's performance evaluation, however, Dr. Weinberg wrote the following comments:

> Log books have not been kept up to date, which makes it difficult to determine what tasks have been completed. These must be routinely maintained. Credit card purchases are well recorded, also journals. "Daily" book current up to 2/03, travel log current up to 1/03.
> . . .
> Much improved.

*Id.* (*Id.*, Ex. 3, p. 3.) Plaintiff alleges that these comments were discriminatory.

Plaintiff's Allegations regarding Request for Medical Records

Plaintiff alleges that Dr. Weinberg discriminated against her when she wrote a letter to Plaintiff, dated July 11, 2005, wherein Dr. Weinberg requested that Plaintiff submit her medical records to the National Institute of Health ("NIH") Occupational Medical Service. (Lewis Dep., pp. 29, 32-33; Dep. Ex. 5.) Plaintiff received the letter from Dr. Weinberg after Plaintiff asked to be removed from Dr. Weinberg's supervision because Plaintiff felt she "was being stressed and [she] was on high blood pressure medicine and [she] was being–[she] felt that [she] was being retaliated against because of the logbook issue." (*Id.*, p. 29, lines 18-21.) Dr. Weinberg states that she sent the letter to Plaintiff because she believed that, in

-5-

asking to be transferred, Plaintiff was submitting a request for a reasonable accommodation. (Weinberg Decl. ¶ 16.) Dr. Weinberg states that she therefore wrote Plaintiff the letter, dated July 11, 2005, requesting that Plaintiff supply medical documentation for confidential review by a physician in the NIH Occupational Medical Service (OMS). (*Id.*; Ex. B-9.)

## **STANDARD OF REVIEW**

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Zahodnick v. International Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact-finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear his burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex Corp.*, 477 U.S. at 331 (Brennan, J., dissenting). When making the

summary judgment determination, the court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997).

## **DISCUSSION**

As noted, Plaintiff brings claims for age and race discrimination, as well as a claim for retaliation based on her prior EEO filings. Plaintiff also alleges that Dr. Weinberg retaliated against her over the "log book" issue. In responding to Defendant's motion for summary judgment, Plaintiff does not address the summary judgment motion as to her retaliation claim. The retaliation claim is, therefore, deemed abandoned, leaving only the claims for age and race discrimination remaining. *See* FED. R. CIV. P. 56(e).

<u>Exhaustion of Administrative Remedies</u>

I will address Defendant's argument that summary judgment is appropriate because Plaintiff failed to exhaust her administrative remedies. As a federal employee, Plaintiff was required to exhaust her administrative remedies before bringing a claim for discrimination in federal court. *See Austin v. Winter*, No. 06-1745, 2008 WL 2705667, at *3 (4th Cir. July 11, 2008). As part of the exhaustion requirement, Plaintiff was required to initiate contact with an EEO counselor within 45 days of the date of the matter alleged to be discriminatory or within 45 days of the effective date of a personnel action. *See* 29 C.F.R. § 1614.105(a)(1).

-7-

Defendant notes that Plaintiff notified an EEO counselor on July 14, 2005, that she wanted to file an EEO complaint concerning her claims of discrimination by Dr. Weinberg. (Ivanoff Decl. ¶ 3, Ex. E-1, docket no. 20.) Plaintiff filed an Individual Formal Complaint of Employment Discrimination on December 2, 2005, claiming discrimination based on age and race, as well as retaliation. (*Id.* ¶ 3, Ex. E-2.) Plaintiff's complaints of discrimination regarding comments on her 2003 performance appraisal, her non-promotion, and the two alleged comments by her supervisor about her age were not timely exhausted. All of these alleged discriminatory acts occurred more than 45 days before Plaintiff's contact with an EEO counselor on July 14, 2005. For instance, Plaintiff received her 2003 performance evaluation, including the alleged discriminatory comments, on February 13, 2004, but she did not seek contact with an EEO counselor within 45 days of that date. Furthermore, although Plaintiff claims that her request for a promotion was denied three times, she did not seek EEO counseling within 45 days of any of the these denials. (*See* Lewis Administrative Aff. ¶ 76, Ex. F, docket no. 20.) Finally, Plaintiff alleges that Dr. Weinberg asked about her age and when she was going to retire in June 2004 and once before that, but she did not seek EEO counseling within 45 days of that date.

In response, Plaintiff does not argue that she initiated EEO contact within 45 days of the each alleged discriminatory action. Instead, Plaintiff contends that Defendant has waived an objection to timeliness. Plaintiff notes that Defendant DHHS (the "Agency") rendered a Final Agency Decision, and the Agency at no point

during the administrative proceedings raised the issue of timeliness. Plaintiff contends that this court should find that Defendant waived the timeliness issue because it did not raise the issue in the administrative proceedings.

First, it appears to be well settled that the mere acceptance and investigation of an EEOC complaint does not constitute waiver of the defense of untimely exhaustion of administrative remedies. *See Ester v. Principi*, 250 F.3d 1068, 1072 n.1 (7th Cir. 2001). Beyond this principle, the circuit courts of appeal have come to varying conclusions regarding the issue of waiver of the timeliness issue. Some courts hold that when the agency decides the merits of an administrative complaint and fails to address the issue of timeliness, the defendant waives the timeliness defense in a subsequent lawsuit. *See id.* at 1071-72; *see also Bowden v. United States*, 106 F.3d 433, 438 (D.C. Cir. 1997) ("Although agencies do not waive a defense of untimely exhaustion merely by accepting and investigating a discrimination complaint, we have suggested that if they not only accept and investigate a complaint, but also decide it on the merits–all without mentioning timeliness–their failure to raise the issue in the administrative process may lead to waiver of the defense when the complainant files suit.") (citations omitted); *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985) (suggesting that although a timeliness defense may be waived when an agency makes a final determination of the merits, the mere receipt and investigation of a complaint does not constitute waiver of the timeliness issue); *Mercado v. Ritz-Carlton San Juan Hotel, Spa &*

*Casino*, 410 F.3d 41, 45 (1st Cir. 2005) (finding no waiver where the defendant employer did not raise the timeliness defense in the administrative proceedings and where the EEOC did not render a decision on the merits). At least one circuit has held that a timeliness objection is not waived unless the agency makes a *specific* finding that the plaintiff's submission was timely, even where the agency has rendered a decision on the merits. *See, e.g., Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir. 1992).

The Fourth Circuit has not yet ruled on waiver of the timeliness issue. I agree with Defendant, however, that this case is distinguishable from any of the cases in which other circuit courts have found that the defendant waived the right to argue that exhaustion was untimely.[3] First, in this case neither the Administrative Law Judge nor the Agency made any finding regarding timeliness.[4] (*See* Pl.'s Ex. 1,

---

[3] At least two district courts in the Fourth Circuit have considered the issue of waiver of the timeliness defense. These courts, however, have ultimately avoided the issue of waiver by proceeding with a ruling on the merits. *See, e.g., Boyd v. Gutierrez*, No. Civ. A. DKC 2004-1535, 2005 WL 2653946, at *4 (D. Md. Oct. 17, 2005) (where the agency decided the merits of the plaintiff's administrative complaint without addressing the issue of timeliness, the district court stated that "[b]ecause Plaintiff fails to establish a *prima facie* case of discrimination . . ., this court need not determine whether Defendant waived a timeliness defense by not asserting it during the administrative proceedings"); *Eneje v. Gonzalez*, No. 9:04-1695-SB, 2007 WL 1068176, at *8 (D.S.C. Mar. 30, 2007) (where the agency decided the merits of the plaintiff's administrative complaint without addressing the issue of timeliness, the district court stated that "in an abundance of caution . . . because the facts of this case may support Plaintiff's [argument] that Defendant waived the timeliness defense, it is appropriate for the Court to proceed to consider the merits of the Plaintiff's claims").

[4] In her brief, Plaintiff specifically cites to *Bruce v. U.S. Department of Justice*, 314 F.3d 71 (2d Cir. 2002), for support of a finding of waiver in this case. The facts in *Bruce*, however, are clearly distinguishable from the facts in this case. In *Bruce*, an EEO officer

Agency's Final Decision dated June 11, 2007, docket no. 26.) Furthermore, there was no decision on the merits in this case. Rather, the Agency dismissed Plaintiff's administrative complaint because Plaintiff had filed this civil action. The Final Agency Determination states that the Agency was dismissing the administrative complaint in accordance with 29 C.F.R. § 1614.107(a)(3), which provides that the agency reviewing an administrative complaint must dismiss the complaint when it "is the basis of a pending civil action in a United States District Court in which the complainant is a party provided that at least 180 days have passed since the filing of the administrative complaint." Since the Agency did not render a decision on the merits of Plaintiff's administrative complaint, nor was there any determination made in the administrative proceedings regarding timeliness, Defendant has not waived the timeliness issue.[5] *Accord Belgrave v. Pena*, 254 F.3d 384, 387 (2$^d$ Cir. 2001)

---

specifically found that the plaintiff's administrative complaint was timely, and the officer communicated that finding to the plaintiff. Here, however, it is undisputed that the Agency did not address the issue of timeliness and dismissed the administrative proceeding without reaching the merits because Plaintiff had filed this civil action.

[5] In addition to being subject to the doctrine of waiver, the exhaustion of administrative remedies requirement is also subject to the doctrines of equitable tolling and estoppel. *See Gibson v. West*, 201 F.3d 990, 993-94 (7th Cir. 2000). Plaintiff does not assert that either of these alternative doctrines applies here, and, indeed, the facts do not support a finding of either equitable tolling or estoppel. Plaintiff was well-acquainted with the EEO filing process because she had filed EEO charges before bringing the one that is at issue here. Moreover, Plaintiff had notice of the requirement that she contact an EEO counselor within 45 days of each act of discrimination. Defendant posted the required notices at Plaintiff's workplace reminding the employees of the timing requirements, and the procedures for complaints were also available on Defendant's Intranet site. (Ivanoff Decl. ¶ 6.) Moreover, the Defendant's anti-discrimination policy was posted on the first floor and in the basement of the building where Plaintiff worked. (*Id.*)

(stating that agencies do not waive a timeliness defense merely by accepting and investigating a complaint). Therefore, Plaintiff's complaints of discrimination regarding comments on her 2003 performance appraisal, her non-promotion, and the two alleged comments by her supervisor about her age were not timely exhausted, and these claims of discrimination should be dismissed.

The only remaining allegation of discrimination is the request for Plaintiff's medical records by her supervisor Dr. Weinberg. Dr. Weinberg asked for Plaintiff's medical records on July 11, 2005, and Plaintiff initiated EEO contact on July 14, 2005. Although Plaintiff made EEO contact within 45 days of the date of this alleged act of discrimination, the act of requesting medical records is not an "adverse employment action" within the meaning of Title VII or the ADEA. *Accord Hazelett v. Brownlee*, Civil Action No. 3:04-0053, 2007 WL 2257635, at *3 (S.D. W. Va. Aug. 3, 2007). Therefore, Plaintiff has no claim for discrimination based on the request for medical records. Moreover, the fact that Plaintiff made EEO contact within 45 days of this alleged discriminatory event does not "save" the other alleged discriminatory acts that were untimely filed. Plaintiff has not alleged, nor do the facts support, a hostile work environment claim. Therefore, it is not appropriate to apply the "continuing violation" theory in this case. Moreover, because the act of non-promotion was a "discrete" act, Plaintiff was required to initiate EEO contact within 45 days of the date of non-promotion. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002) (holding that an employee must file a charge of

-12-

Case 1:07-cv-00375-TDS-WWD   Document 29   Filed 08/08/08   Page 12 of 13

discrimination within the appropriate limitations period as to each "discrete" act, and noting that examples of "discrete" acts include termination, failure to promote, denial of transfer, and refusal to hire); *Williams v. Giant Food, Inc.*, 370 F.3d 423, 429 (4th Cir. 2004). In sum, for all the reasons stated herein, Plaintiff's claims for discrimination based on race and age should be dismissed for failure to exhaust administrative remedies.

## **CONCLUSION**

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant's motion for summary judgment (docket no. 18) be **GRANTED** based on Plaintiff's failure to timely exhaust her administrative remedies and that Plaintiff's action be dismissed in its entirety.

/s/ Wallace W. Dixon
WALLACE W. DIXON
United States Magistrate Judge

August 8, 2008